## Erie & Pittsburg Railroad Company, Appellant, v. Pennsylvania Railroad Company.

*Railroads—Leases—Payment of taxes—Tax on capital stock—Corporations —Taxation.*

A covenant on the part of the lessee in a railroad lease "to pay all taxes now or hereafter imposed by law upon the property hereby demised and the earnings from or business thereof," will not be construed to cover the shares of the capital stock of the lessor or the property or franchises upon which the valuation of such shares was made after the lease, for purposes of taxation; and this is particularly so where the parties, for thirty years, have acted on a contrary construction.

Argued Jan. 12, 1904. Appeal, No. 246, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 2, Philadelphia County, June T., 1901, on verdict for defendant in case of Erie & Pittsburg Railroad Company v. Pennsylvania Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit to recover taxes paid. Before SULZBERGER, P. J.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.


On a rule for a new trial WILTBANK, J., filed the following opinion :

We think the direction in the case was correct.  The plaintiff sought to recover from the defendant moneys by way of reimbursement for an outlay from time to time made in payment of taxes to the commonwealth upon its capital stock.  Its demand was founded upon the defendant's covenant as follows : " To pay all taxes now or hereafter imposed by law upon the property hereby demised and the earnings from or business thereof."  This covenant does not cover the shares of the capital stock of the plaintiff or the property and franchises upon which the valuation of such shares is now made for purposes of taxation.  The property passing to the defendant under the lease is clearly identified thereby and it is not denied that upon this property, so far as it has been taxable, the defendant has met all obligations.  It is true that the taxation of the capital stock of the corporation is the taxation of its property and assets : Fox's Appeal, 112 Pa. 337 ; Fidelity Ins., etc., Co. v. Loughlin, 139 Pa. 612 ; Commonwealth v. Standard Oil Co., 101 Pa. 119 ; Commonwealth v. Pullman Co., 107 Pa. 156, but it is a confusion of terms to regard the property and assets of the plaintiff after the execution and delivery of the lease as the same as its property and assets theretofore existing.  The operation of the lease was to substitute as property and assets of the Erie and Pittsburg Railroad Company a fixed return in rentals and a reversion for the real and personal property and the franchises described in the demise.  The market values of the shares of stock must, therefore, depend upon an estimate of the commercial value of what remains in the corporation.  The ascertainment of this market value may be thought to be more easy as a result of the conveyance to the defendant.  The plaintiff is no longer conducting a business, and the element of liability is excluded from the calculation of the value of the shares.  Nor is the plaintiff now at the risk of loss resulting from variations in trade, which risk is assumed by the defendant in consideration of an anticipated profit over the fixed rental which it covenants to pay.  This fixed return per annum taken

together with the reversion and such franchises as remain in the plaintiff, comprises the property and assets which under the decisions must be the basis of the taxation of the shares of capital stock. The rule for a new trial is discharged.

*Error assigned* was in giving binding instructions for defendant.

*J. Percy Keating* and *Frank Gunnison*, with them *Richard C. Dale*, for appellant.—The capital stock tax is a direct tax "imposed by law" upon the invested capital or "property hereby demised," consisting of the specific real and personal property and franchises of the corporation: Com. v. Penna. Ins. Co., 13 Pa. 165; Lehigh Crane Iron Co. v. Com., 55 Pa. 448; Phœnix Iron Co. v. Com., 59 Pa. 104; Com. v. Standard Oil Co., 101 Pa. 119; Com. v. Westinghouse Mfg. Co., 151 Pa. 265; Fox's App., 112 Pa. 337; Fidelity Ins., etc., Co. v. Loughlin, 139 Pa. 612; Com. v. N. Y. Pa. & O. R. R. Co., 188 Pa. 169; Com. v. Lake Shore & Michigan Southern R. R. Co., 3 Dauph. County Rep. 172; Com. v. Central D. & P. Telegraph Co., 145 Pa. 121; Com. v. Manor Gas Coal Co., 2 Dauphin County Rep. 121; Com. v. Penna. Co., 145 Pa. 266.

In the case of a transportation company, the capital stock tax is the only tax "imposed by law" on all the personal property composing the invested capital (including locomotives, cars, etc.), and on the franchises considered as property, and on all the real estate, including roadbeds, viaducts, machine shops, etc., excepting only such real estate as is not indispensable to the public work of the corporation, which latter is, in addition to the stock tax, subject to local taxes as well: Lehigh Coal & Navigation Co. v. Northampton Co., 8 W. & S. 334; R. R. Co. v. Berks Co., 6 Pa. 70; N. Y. & E. R. R. Co. v. Sabin, 26 Pa. 242; West Chester Gas Co. v. Chester Co., 30 Pa. 232; Coatesville Gas Co. v. Chester Co., 97 Pa. 476.

The mere leasing of the property and franchises of the corporation does not affect the relation of the state to this property, real and personal, and the franchises, so as to relieve them as the property of the lessor from the burden of the tax, and substitute the fixed rental any more than would the placing of an incumbrance thereon. And therefore the capital stock tax

remains as before the lease a tax "imposed by law" upon the property and franchises specifically enumerated in the lease and referred to in the covenant as being "hereby demised:" Com. v. N. Y. Pa. & O. R. R. Co., 188 Pa. 169.

Being thus the only tax on almost the entire property "hereby demised" a covenant by the lessee to pay all taxes "imposed by law on the property hereby demised," must necessarily cover the stock tax; and no extraneous circumstances, whether they be lapse of time before demand, or even erroneous construction by the parties to the contract, are admissible in evidence to effect a contrary interpretation to that disclosed by an inspection of the instrument of lease itself: Eldrige v. Knott, 1 Cowper, 214; Earl of Pomfret v. Lord Windsor, 2 Ves. 472; Ahrens v. Gas Co., 188 Pa. 249; St. Mary's Church v. Miles, 1 Wharton, 229; Stub v. Stub, 3 Pa. 251; Garard v. Monongahela College, 114 Pa. 337; Alexander's App., 20 W. N. C. 283.

*John G. Johnson*, for appellee.—The tax upon capital stock, paid by the appellant, was not a tax upon property demised to the appellee: Com. v. N. Y., etc., R. R. Co., 188 Pa. 169.

The interpretation of their contract, made cotemporaneously by both the parties, and acquiesced in for thirty years, is binding and conclusive: Penna. Co. v. Erie & Pittsburg R. R. Co., 108 Pa. 621; New York Tartar Co. v. French, 154 Pa. 273; Colder v. Weaver, 7 Watts, 466; Pratt v. Campbell, 24 Pa. 184; People's Nat. Gas Co. v. Braddock Wire Co., 155 Pa. 22; Gass's App., 73 Pa. 39.

PER CURIAM, April 11, 1904:

The lease sued on did not stipulate for the payment by the lessee of all taxes imposed on the lessor company but of all taxes on the property demised, and was so understood and acted on by the parties for thirty years. The difference is well stated by the learned judge below in his opinion refusing a new trial, and the judgment is affirmed on that opinion.